IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:04-CR-77 |
| | § | |
| VINCENT LAMAR SMITH | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 12, 2015, alleging that the Defendant, Vincent Lamar Smith, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Vincent Lamar Smith was sentenced on January 18, 2005, before Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of assaulting, resisting, impeding a federal officer, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Vincent Lamar Smith was subsequently sentenced to 63 months of imprisonment followed by 3 years supervised

release subject to the standard conditions of release, plus special conditions to include: financial penalty, no new credit, financial disclosure, and mental health - anger management treatment.

## II. The Period of Supervision

On August 18, 2014, Vincent Lamar Smith completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision on March 12, 2015, alleging three allegations against Smith: (1) he violated his mandatory condition that he not commit another crime by making terroristic threats against Virgie Nixon on March 4, 2015; (2) he violated a standard condition by failing to submit a written report to his probation officer for the month of February 2015, late reports for August, September, October and November 2014, and listed an incorrect employer phone number on several monthly reports; and (3) and he violated a standard condition by failing to notify his probation officer in advance of his change in employment on two occasions.

## IV. Proceedings

On March 18, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the second allegation in the petition. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment with twenty-two (22)

months of supervised release to follow (which includes 180 days in a halfway house to be imposed upon release ).

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to submit prompt, correct monthly reports to his probation officer, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  According to U.S.S.G. § 7B1.4(a), in the case of revocation of supervised release based upon a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than three years.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term

of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The Defendant has agreed to serve twenty-two (22) months of supervised release upon his release of imprisonment (which includes 180 days of community confinement in a halfway house upon his release).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the second allegation that he failed to submit prompt, correct monthly reports to his probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of nine (9) months' imprisonment with twenty-two (22) months of supervised release to follow (which includes 180 days in a halfway house to be imposed upon release). The special conditions originally imposed by the court are still relevant and are recommended for the subsequent term of supervision. Additionally, due to the volatility and uncertainty of the Defendant's residency status, and his adversarial relationship with his ex-wife, additional special conditions of release are necessary requesting that he have no contact with his ex-wife, Virgie Nixon, and that he undergo a 180 day placement in a residential reentry center.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he failed to submit prompt, correct monthly reports to his probation officer. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to nine (9) months' imprisonment with twenty-two (22) months of supervised release to follow (which includes 180 days in a halfway house to be imposed upon release). The Defendant should also complete his anger management/mental health treatment previously ordered.

The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Seagoville, Texas. The undersigned requests the court to recommend this facility to the Bureau of Prisons. In addition, the undersigned requests the court to recommend that the Defendant be placed in a halfway house that is close to Beaumont, Texas but not in the city of Beaumont due to the protective order in place against him.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 24th day of March, 2015.

_____
Zack Hawthorn
United States Magistrate Judge