# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:04-CR-77-1 |
| | § | |
| VINCENT LAMAR SMITH | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 11, 2016, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Vincent Lamar Smith. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender, Ken Hawk.

Defendant originally pled guilty to the offense of Assaulting, Resisting, Impeding a Federal Officer, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. On January 18, 2005, District Judge Marcia Crone sentenced Defendant to 63 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, and mental health and anger management treatment. On November 20, 2015, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to notify the probation officer of any changes in residence or employment ten days prior to such change, and to reside in a residential reentry center in a community corrections component for a period of 180 days. In its petition, the government alleges that Defendant violated his condition of supervised release by absconding from the residential reentry center; failing to notify the probation officer at least ten

days prior to residential changes; refusing to submit a urine specimen under the rules and regulations of the reentry program; and by receiving an unsuccessful discharge from the residential reentry center.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by absconding from the residential reentry center; failing to notify the probation officer at least ten days prior to residential changes; refusing to submit a urine specimen under the rules and regulations of the reentry program; and by receiving an unsuccessful discharge from the residential reentry center, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. The parties agreed on the appropriate sentence of 12 months and one day with no additional supervised release.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Vincent Smith be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Seagoville, Texas.

**So ORDERED and SIGNED this 11th day of February, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE